# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISHNA MOTE, | |
| Plaintiff, | NO. 3:19-CV-01719 |
| v. | (JUDGE CAPUTO) |
| FRANCIS P. SEMPA, | |
| Defendant. | (MAGISTRATE JUDGE SCHWAB) |

## MEMORANDUM ORDER

Presently before me is Magistrate Judge Susan E. Schwab's Report and Recommendation (Doc. 9) recommending that Plaintiff Krishna Mote's Complaint be dismissed without prejudice and without leave to amend. In the Complaint, Mote seeks a writ of mandamus requiring the Assistant United States Attorney from his federal criminal prosecution to correct allegedly perjured testimony that was entered into evidence during trial. (*See* Doc. 1, *generally*). Magistrate Judge Schwab recommends that the Complaint be dismissed because Mote's claim must be brought as a motion pursuant to 28 U.S.C. § 2255. (*See* Doc. 9, 7). Magistrate Judge Schwab observes that "the Third Circuit has held on numerous occasions that post-conviction claims seeking to correct perjured testimony must be brought through motions under § 2255." (*Id.* (citations omitted)). Mote objects to this conclusion, emphasizing his view that a writ of mandamus is warranted here since he has no other adequate remedy available. (*See* Doc. 11, 3).[1] Specifically, Mote notes that his first § 2255 motion was denied by this Court, and his subsequent efforts to obtain relief pursuant to Federal Rule of Civil Procedure 60(b) and by way of a "motion to reduce sentence" were also unsuccessful. (*See id.* at 3-4); *see also United States v. Mote*, No. 14-1717, 2018 WL 2766656, at *1

---

[1] When objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)).

(M.D. Pa. June 8, 2018). This demonstrates that "there is no other adequate remedy available," so Mote concludes that the requirements for a writ of mandamus are satisfied in the matter *sub judice*. (*See* Doc. 11, 4).

Mote is incorrect. "[M]andamus does not become available simply because a federal court previously denied habeas relief or because the gatekeeping provisions of § 2255 make it difficult to pursue a successive motion." *In re Reynolds*, 706 F. App'x 98, 100 (3d Cir. 2017). Indeed, as the Magistrate Judge observed, the Third Circuit has previously denied a mandamus petition where the petitioner sought relief based on the prosecution's alleged failure to correct perjured testimony. *See id.*; *accord Adams v. Schultz*, 237 F. App'x 739, 740-41 (3d Cir. 2007) (claim that government used perjured testimony to obtain conviction fell within the purview of § 2255). The same result is compelled here.

ACCORDINGLY, this 6th day of December, 2019, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 9) is **ADOPTED**.
(2) The Complaint is **DISMISSED**.
(3) The Clerk of Court is directed to mark the case as **CLOSED**.

A. Richard Caputo
United States District Judge